### AMERICAN MUT. LIABILITY INS. CO. OF BOSTON et al. v. LOWE et al.

District Court, D. New Jersey.
Feb. 11, 1936.

Tippett & Talley and James J. Carroll, all of New York City, for plaintiffs.

Gross & Gross, of Jersey City, N. J., and Leo B. Lebovitz and Henry Rubin, both of New York City, for defendant Liberatore Zagami.

Harlan Besson, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., for defendant S. Lowe.

FAKE, District Judge.

Defendant Zagami was injured on December 30, 1930, at Hoboken in this district, and claimed damages under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950. This resulted in an alleged award to him on May 3, 1932. Thereafter, on September 27, 1934, he made application for further compensation, and on June 26, 1935, defendant Deputy Commissioner Lowe made an additional award to him; whereupon this suit in equity was instituted to restrain the payment of said additional award on the ground, among other things, that the award made on May 3, 1932, finally disposed of Zagami's rights and he was so limited thereby that the award made by the deputy commissioner on June 26, 1934, is a nullity.

The action before the deputy commissioner proceeded under section 21 of the aforesaid Act (U.S.C. title 33, § 921 [33 U.S.C.A. § 921]) which provides: (a) "A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this chapter." The alleged award of May 3, 1932, was not filed in conformity with the aforesaid statute; hence it did not become effective as an award. In the absence of fraud, the conduct of the parties in their subsequent dealings cannot supplant the statutory requirement of filing so as to make a compensation order effective as against the rights of claimant here, since the object and spirit of the act indicate that it should be construed liberally toward the claimant when to do so would not conflict with sound logic. Again, the Compensa-

tion Act (U.S.C. title 33, section 919, subd. (e), 33 U.S.C.A. § 919 (e), provides that a copy of the award "shall be sent by registered mail to the claimant and to the employer at the last known address of each." This was not done as to the alleged award of May 3, 1932. It follows, therefore, that the document did not take on the dignity of an effective award. See Howard v. Monahan (D.C.) 33 F.(2d) 220.

My conclusion is that the award of compensation made by Deputy Commissioner Lowe on June 26, 1935, is the only valid award entered. The recital of facts and conclusion therein arrived at are in accord with my own views.

Let an order be entered in conformity with these findings.